IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ASHLAND INC., d/b/a VALVOLINE®,
and ASHLAND LICENSING AND
INTELLECTUAL PROPERTY LLC,

    Plaintiffs,

v.          CIVIL ACTION NO.   3:14-23763

JEFF RANDOLPH d/b/a KWIK LUBE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court is a Motion for Summary Judgment by Plaintiffs Ashland Inc., d/b/a Valvoline® and Ashland Licensing and Intellectual Property LLC (ECF No. 40), and Motions to Dismiss by Defendant Jeff Randolph d/b/a Kwik Lube. ECF Nos. 30 & 38.   For the following reasons, the Court **GRANTS** Plaintiffs' motion and **DENIES** Defendant's motions.

**I.**
**FACTS**

   This action is the second case brought by Plaintiffs against Defendant alleging, inter alia, trademark infringement.   Plaintiffs market, distribute, and produce automotive products under the trade name Valvoline® including, but not limited to, Valvoline® oil.   Defendant operates an automotive business that performs oil changes for customers.   In the first action, Plaintiffs asserted that Defendant was using the Valvoline® logo and trademark without their consent. *Ashland Inc. v. Randolph*, Civ. Act. No. 3:13-cv-21768.   Plaintiffs stated that the use of their logo and trademark are reserved for businesses that have agreements with them, but they had no agreement with Defendant.   Defendant, who is *pro* se, did not file an Answer or defend against

the action. Following entry of default, the Court entered a Memorandum Opinion and Order on October 25, 2013, granting Plaintiffs' Motion for Entry of Judgment and Permanent Injunction Order, permanently enjoining Defendant from using Plaintiffs' trademarks and logos. *Ashland Inc. v. Randolph*, Civ. Act. No. 3:13-21768, 2013 WL 5777172 (S.D. W. Va. Oct. 25, 2013). The Court also ordered Defendant to remove "the Valvoline® trademark—from any sign, billboard, store front, and/or advertisement displayed as part of or in connection with Defendant's business operations within 10 days[.]" *Id.* at *1.

Thereafter, on November 22, 2013, Plaintiffs filed a Motion for Civil Contempt with this Court because Defendant continued to display the Valvoline® logos and trademarks at his business. On November 25, 2013, the Court issued an Order directing Defendant to show cause within seven days why he should not be held in civil contempt and setting Plaintiffs' motion for hearing. The Court also informed Defendant that his *pro se* status did not relieve him of his responsibility to respond and appear at the hearing. Despite receiving a copy of the Order, Defendant did not respond, nor appear at the hearing. Upon consideration of the motion, it was granted, and the Court ordered Defendant to reimburse Plaintiffs $1,890.00 in attorneys' fees and costs.

Plaintiffs brought this action against Defendant on July 16, 2014. In their Complaint, Plaintiffs alleged that, although Defendant removed the Valvoline® signage from his business, he continued to advertise oil changes using Valvoline® products. Therefore, Plaintiffs sent two employees to Defendant's business on May 13, 2014, to obtain an oil change in a company issued vehicle. An employee at the business stated Valvoline® oil would be used, and it

was stored in the bulk tanks. After the oil change was complete, Plaintiffs' employees drove the vehicle to a Valvoline® Express Care facility, which withdrew a sample of the oil. The oil was sent to an outside testing facility, and it was determined not to be Valvoline® oil.

On September 22, 2014, Defendant, acting *pro se*, filed an Answer to the Complaint, in which he denied the allegations. On November 6, 2014, Plaintiffs filed a Motion for Preliminary Injunction, and the Court set it for hearing on November 24, 2014. In the Court's Order, it fully informed Defendant of his right to file a response and appear at the hearing and warned him that a failure to do so may result in an unfavorable decision. Nevertheless, Defendant did not respond or appear, and the Court granted the motion.

On February 19, 2015, Plaintiffs filed a Second Motion for Civil Contempt because Defendant again was displaying the Valvoline® logo on signage outside of his business. The Court scheduled a hearing on the motion and again advised Defendant of his right to file a response and appear. A hearing was held on March 23, 2015, and the Court directed Defendant to remove all Valvoline® trademarks and logos from the premises within three days. The Court further stated that a failure to comply with the Order will result in a five hundred dollar *per diem* penalty.

On March 25, 2015, Defendant filed a Motion to Dismiss. ECF No. 30. In his motion, Defendant points out that the fluid analysis report submitted by Plaintiffs is dated May 1, 2014, which is twelve days prior to the day Plaintiffs assert the oil change was performed. In a supplemental Motion to Dismiss filed on April 27, 2015, Defendant further argues the laboratory did not receive the sample until June 10, and it was in an unlabeled bottle. ECF No. 38.

Defendant states he believes the sample could have been tampered with and/or not from his business. Plaintiffs responded to Defendant's motions by submitting affidavits and evidence demonstrating that the sample was taken from the oil change that occurred at Defendant's business, and the May 1, 2014 date was a default date used by the laboratory because Plaintiffs' employees only logged the sample by month and year collected. Defendant did not file a Reply.

Shortly thereafter, Plaintiffs also filed a Motion for Summary Judgment. ECF No. 40. Defendant did not file a Response. A Pretrial Hearing was held on August 3, 2015. Defendant did not appear, nor did he submit his portion of the Proposed Pretrial Order.

## II.
## SUMMARY JUDGMENT STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for

discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III.
### FINDINGS OF FACTS AND
### CONCLUSIONS OF LAW

In this case, the Court finds that Plaintiffs have offered overwhelming evidence in support of their motion, and Defendant failed to respond to the motion. In addition, what allegations Defendant made in his Motions to Dismiss are mere supposition and conjecture on his part and are insufficient to defeat Plaintiffs' summary judgment motion. Upon consideration of the evidence, the Court makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW**:

1. Defendant Jeff Randolph d/b/a Kwik Lube leases and operates an automobile repair store in Huntington, West Virginia, whereat he advertises his store to the general public through signs and displays both on the building itself and around the building.

2. As part of these advertisements, Defendant advertised oil changes using Valvoline® products to the general public.

3. On May 13, 2014, Plaintiffs' employees obtained an oil change on a 2011 Ford Taurus owned by Plaintiffs from Defendant's Kwik Lube facility located at 1522 3rd Avenue, Huntington, West Virginia 25701.

4. During this visit, Plaintiffs' employees inquired of a Kwik Lube representative as to whether Defendant could provide an oil change using Valvoline® products. The employee responded in the affirmative and informed Plaintiffs' employees that the

Valvoline® products are stored in bulk tanks. The invoice provided by Defendant's representative for the oil change also identified the use of Valvoline® brand motor oil.

5. Immediately upon completion of the oil change, the employees drove to a Valvoline® Express Care facility wherein a technician withdrew a sample of the oil placed in the vehicle by the Kwik Lube employee. This oil sample was then transported to a testing facility where testing determined that it was not Valvoline® oil as Defendant advertised.

6. Upon learning of this deception, Plaintiffs brought the above-styled civil action and sought preliminary injunction relief.

7. The Court granted a preliminary injunction on November 25, 2014.

8. Plaintiff filed a Second Motion for Civil Contempt on February 19, 2015.

9. On March 30, 2015, the Court granted the motion, finding Defendant was displaying the Valvoline® logo on signage outside of his business.

10. The display of the trademark, and the deceiving of customers about the use of Valvoline® oil, not only violated prior Orders by the Court, but also infringed upon Plaintiffs' rights, damaged Plaintiffs' economic interests, and likely caused confusion among consumers.

11. The actions by Defendant violated 15 U.S.C. §§ 1114 and 1125(a) of the Trademark Act of 1946 (Lanham Act). *See Radiance Found., Inc. v. N.A.A.C.P.*, 786 F.3d 316, 322 (4th Cir. 2015) (stating "an actionable trademark claim does not simply require that the alleged infringer used in commerce the mark that the trademark holder possesses. It also requires that the infringer's use be 'in connection with' goods or

services in a manner that is 'likely to cause confusion' among consumers as to the goods' or services' source or sponsorship").

12. Pursuant to 15 U.S.C. § 1116, this Court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a) . . . of section 1125 of this title." 15 U.S.C. § 1116(a), in part.

13. To be granted a permanent injunction, a plaintiff "must demonstrate that (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126 (4th Cir. 2011) (citation omitted).

14. The Court finds that Plaintiffs meet all the criteria for a permanent injunction for the same reasons set forth in this Court's Memorandum Opinion and Order entered on October 25, 2013 in *Ashland Inc. v. Randolph*, Civ. Act. No. 3:13-21768, 2013 WL 5777172 (S.D. W. Va. Oct. 25, 2013).

## IV.
## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment and **PERMANENTLY ENJOINS** and **RESTRAINS** Defendant's conduct and actions as follows:

1. Defendant along with his directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, from:

    a.    Using Plaintiffs' registered trademarks, or any other logos or trademarks, including but not limited to the trade name "Valvoline®" for retail purposes or otherwise; including displaying as part of any sign, advertisement or billboard promoting Defendant's business;

    b.    Advertising any Valvoline® product, including Valvoline® oil, on any billboard or other signage located either inside the Kwik Lube facility or outside the facility;

    c.    Offering for sale at the Kwik Lube facility any Valvoline® product;

    d.    Advising any customer or potential customer that Valvoline® products are for sale at the Kwik Lube facility;

    e.    Using of any Valvoline® product at its Kwik Lube facility;

    f.    Engaging in any course of conduct with respect to Plaintiffs' registered trademarks that is likely to mislead the public into believing that the products marketed and/or offered for sale by Defendant are licensed, sponsored, authorized, or otherwise approved by Plaintiffs; and

    g.    Engaging in any other activity constituting infringement of or unfair competition with respect to Plaintiffs' registered trademarks.

2. Defendant shall comply with this Memorandum Opinion and Order immediately upon receipt.

3. This Permanent Injunction applies to and binds all parties who are in active concert or participation with Defendant as provided in Fed. R. Civ. P. 65(d).

4. This Permanent Injunction shall bind Defendant and his corporate affiliates, successors, assignees, officers, directors, employees, agents, servants, representatives, successors, and shareholders, if any.

5. The Court waives any bond requirement for purposes of this injunction.

6. This Memorandum Opinion and Order shall remain in effect until further Order of this Court.

To the extent Plaintiffs seek an award of monetary damages, attorneys' fees, and/or costs against Defendant, the Court **DIRECTS** they submit an appropriate motion with the necessary affidavits and evidence in support of their claims. Defendant's Motions to Dismiss are **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 6, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE