IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ASHLAND INC., d/b/a VALVOLINE®,
and ASHLAND LICENSING AND
INTELLECTUAL PROPERTY LLC,

     Plaintiffs,

v.             CIVIL ACTION NO. 3:14-23763

JEFF RANDOLPH d/b/a KWIK LUBE,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

On August 6, 2015, this Court entered a Memorandum Opinion and Order granting summary judgment and a permanent injunction in favor of Plaintiffs Ashland Inc., d/b/a Valvoline®, and Ashland Licensing and Intellectual Property LLC and denying motions to dismiss by Defendant Jeff Randolph, d/b/a Kwik Lube. *Ashland Inc. v. Randolph*, Civ. Act. No. 3:14-23763, 2015 WL 4665871, at *4-5 (S.D. W. Va. Aug. 6, 2015). The Court also directed Plaintiffs to file an appropriate motion and the necessary evidence to support their request for attorneys' fees and costs. *Id.* at *5.

On September 18, 2015, Plaintiffs filed a motion for attorneys' fees and costs. ECF No. 49. Upon review, the Court entered an Order on October 13, 2015, requiring Plaintiffs to file additional information in support of their claim including, but not limited to, the hours expended, the rate requested, the prevailing rates in the community, timesheets, the billing statement, and invoices. *Order*, at 2, ECF No. 50. The Court also stated that it would not reconsider its previous

decision denying fees and costs for the 2013 action, so Plaintiffs were directed not to include any fees and costs associated with that action. *Id.* Thereafter, Plaintiffs timely filed their supplemental motion and request. ECF No. 51. Defendant filed no response.

As this Court stated in its Memorandum Opinion and Order entered on August 6, 2015, this case is the second action filed by Plaintiffs alleging, inter alia, trademark infringement. *Ashland*, 2015 WL 4665871, at 1. In the first action, the Court permanently enjoined Defendant from using Plaintiffs' trademarks and logos. *Ashland Inc. v. Randolph*, Civ. Act. No. 3:13-21768, 2013 WL 5777172 (S.D. W. Va. Oct. 25, 2013). However, the Court denied Plaintiffs' request to be awarded fees and costs associated with the action because Plaintiffs failed to meet its burden of proof on the issue. *Id*. at *5. Thereafter, Plaintiffs filed a Motion for Civil Contempt because Defendant continued to display Plaintiffs' logos and trademarks. *Pls.' Mot. for Civ. Contempt*, 3:13-21768 (Nov. 22, 2013), ECF No. 16. The Court granted the motion[1] and ordered Defendant to pay Plaintiffs $1,890.00 in attorneys' fees and costs for his contempt. *Order*, 3:13-21768 (May 14, 2014), ECF No. 24.

Plaintiffs then brought this second action because it was discovered that Defendant was palming off non-Valvoline® oil as a genuine Valvoline® product. Plaintiffs filed a Motion for Preliminary Injunction, which the Court granted on November 25, 2014. *Order Granting Plfs' Mot. for a Prelim. Inj.*, (Nov. 25, 2014), ECF No. 20. On February 19, 2015, Plaintiffs filed a Second Motion for Civil Contempt (ECF No. 26), alleging Defendant again began displaying the Valvoline® logo and trademark. The Court granted Plaintiffs' motion on March 30, 2015. *Order*

---

[1] *Order*, 3:13-21768 (Dec. 10, 2013), ECF No. 19.

*Granting Plfs' Mot. for Civ. Contempt*, ECF No. 33. On August 6, 2015, the Court further permanently enjoined Defendant from further use of Defendant's trademarks and logos and representing to customers that he sold Valvoline® products. In their Supplemental Motion, Plaintiffs now request $21,894.79 in fees and costs. There has been no response by Defendant.

Given the recalcitrance of Defendant in abiding by this Court's Orders, which have resulted in Plaintiffs having to pursue additional legal action against him, the Court has no difficulty finding Defendant acted willfully, deliberately, and in bad faith in continuing his conduct, and Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).[2] *See People for Ethical Treatment of Animals v. Doughney,* 263 F.3d 359, 370 (4th Cir. 2001) (stating "[i]n trademark infringement cases, the Court may award reasonable attorney fees in exceptional cases. Under 15 U.S.C. § 1117(a), a case is 'exceptional' if the defendant's conduct was malicious, fraudulent, willful or deliberate in nature") (internal quotation marks and citation omitted)); *Scotch Whisky Ass'n v. Majestic Distilling Co.*, 958 F.2d 594, 599 (4th Cir. 1992) (stating "for a prevailing plaintiff to succeed in a request for attorney fees, she must show that the defendant acted in bad faith"). However, the Court finds that this action did not require intensive legal maneuvering by Plaintiffs, as Defendant acted pro se throughout these proceedings and what few things he filed in the case were easily disposed of by the Court. In addition, to a great extent, the issues presented in this action overlapped with the issues presented in the previous action. Thus, Plaintiffs were not required to do a significant amount of novel legal research. Although the Court finds the hourly rates charged by Plaintiffs' counsel and his paralegals are consistent

---

[2]Section 1117(a) provides, in part, that the Court may award "the costs of the action . . . . [and] in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C.A. § 1117.

with the prevailing rates in this District, the Court finds the number of hours expended, on what best can be characterized as an easily won action in favor of Plaintiffs, is disproportionate to the effort that was necessary to obtain a judgment in their favor. Therefore, upon review of the invoices provided in this case, the Court finds that an approximately one-third reduction in attorney and paralegal fees is appropriate. This reduction results in a fee award of $14,127.07.[3] In addition, the Court finds that costs listed on the invoices in the amount of $704.19 are reasonable and payable to Plaintiffs.

Accordingly, the Court **GRANTS, in part**¸ Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 49), and Plaintiffs' Supplemental Motion and Request for Attorney Fees Pursuant to this Court's October 13, 2015 Order. ECF No. 51. The Court **AWARDS** Attorneys' fees in favor of Plaintiffs in the amount of $14,127.07 and costs in the amount of $704.19, for a total award of **$14,831.26**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 11, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[3] The Court notes there is a discrepancy between the first page of the exhibits which lists the total of all the invoices and the first invoice. The first page lists an invoice amount of $725.62 for invoice number 338754. However, that corresponding invoice provides that the amount due is $748.12, a difference of $22.50. The Court finds this discrepancy de minimis and utilized the amount on the first page (which corresponds to the total amount Plaintiffs request in their supplemental motion) in calculating the final award.